**IN THE UNITED STATES DISTRICT COURT** RECEIVED
**FOR THE MIDDLE DISTRICT OF ALABAMA**
~~NORTHERN~~ DIVISION                    2018 JUN 27  A 10: 11
Eastern

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

|  |  |  |
|---|---|---|
| **ALDRIC L. BUCKNER,** | ) | |
| | ) | |
| *Plaintiff,* | ) | **Case No.** 3:18-cv-610 |
| | ) | |
| v. | ) | Jury Trial for Damages Demanded |
| | ) | |
| **BENJAMIN WHITLEY,** *in his* | ) | |
| *Official and Individual Capacities* | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## COMPLAINT

## INTRODUCTION

This case is about how a single police officer, sworn to uphold the law and

protect the citizens of his jurisdiction, goes rogue and displays actions towards

persons that are so egregious, base and crass that it stains the noble profession of law

enforcement—and stains the collective name of the good citizens of Alabama. This

case demonstrates how a misguided few among our law enforcement ranks

consciously and unquestionably violate the constitutional rights of Alabamians,

fellow Americans and indeed, fellow human beings when the few believe either no

one is watching or, their victims have no power to defend themselves. The

Defendant in this matter has clearly erred in believing that the power vested in him

as a law enforcement officer trumps the rule of law. Pursuant to 42 U.S.C § 1983, the Plaintiff here seeks redress before this Court — to hold the Defendant accountable for clearly misguided assumptions about the rule of law and, for the flagrant violations of Plaintiff's rights protected under the United States Constitution and by Alabama common law.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

## PARTIES

3. **Plaintiff**, Aldric L. Buckner, is over the age of 19 and a resident of the Middle District of Alabama. On August 14, 2017, he was searched and seized on multiple occasions by the defendant in this matter.

4. **Defendant**, Benjamin "Ben" Whitley, is over the age of 19 and a resident of the Middle District of Alabama. He is a police officer employed with the Alexander City, Alabama Police Department and is being sued in his official and individual capacity. Defendant Whitley is a proper party to this cause of action.

## FACTUAL ALLEGATIONS

2

5. Plaintiff realleges and incorporates by reference, paragraphs 1 through 4 above.

6. On or about August 14, 2017, beginning at approximately 5 p.m., Mr. Aldric L. Buckner, while driving, was the subject of a traffic stop by Alexander City Police Department (ACPD), namely, an officer named Benjamin "Ben" Whitley.

7. Officer Whitley is known in Mr. Buckner's community as one who patrols Buckner's neighborhood frequently and, an officer who often subjects community members to random traffic stops.

8. On August 14, 2017, during the *initial* traffic stop of Mr. Buckner, Officer Whitley required Mr. Buckner and his co-occupant to exit Buckner's vehicle.

9. Officer Whitley explained to Buckner that the reason for his initial traffic stop was because he had "received a phone call" and had been informed that Buckner possessed "two 8-balls" (illegal drugs) in the car with him.

10. During this initial traffic stop of Mr. Buckner, Officer Whitley searched the body of both Buckner and his passenger and, with Buckner's permission, searched the vehicle he was driving. Mr. Buckner recalls that this traffic stop lasted between 15 and 20 minutes.

3

11. After Buckner informed Whitley that the "phone call" Whitley received was not true and, after Whitley searched Buckner's car and found no drugs, Whitley informed Buckner and his passenger that they were free to leave.

12. After driving to the next stop sign, the passenger of Buckner's vehicle asked Buckner to let him out so that he would walk the remaining short distance to his destination. Buckner honored his request.

13. Shortly thereafter, Buckner was subjected to a second traffic stop by Officer Whitley.   Whitley approached Buckner's vehicle on this second stop and asked Buckner, "Where did the other guy go?"  Buckner told him, "You had to see him (Buckner's passenger) get out of the car just now."

14. After about 5 to 6 minutes passed during the second traffic stop, Officer Whitley allowed Buckner to leave and Whitley proceeded to get in his police vehicle.  Buckner proceeded to drive to his aunt's home.

15. Approximately 6 to 10 minutes later and, simultaneous to Mr. Buckner arriving at his aunt's home, Officer Whitley drove up rapidly and with his police vehicle, blocked Mr. Buckner's vehicle in his aunt's driveway. Whitley detained Mr. Buckner for a third time in the driveway of his aunt's home.

16. Whitley placed Mr. Buckner in handcuffs and demanded that Mr. Buckner stand near his [Buckner's] vehicle.  Buckner asked Officer Whitley why he

4

was being detained for a third time and if he was under arrest. Officer Whitley

told Buckner he was "not under arrest."

17. Officer Whitley explained to Buckner he was detaining him for a third time

because "someone told me that you (Buckner) had two 8-balls hidden under

your nuts," meaning under Buckner's genital parts.

18. Officer Whitley did not arrest Mr. Buckner nor, did Whitley transport Mr.

Buckner to the ACPD police station.

19. Instead, during the third stop of Mr. Buckner in front of his aunt's home,

Officer Whitley told Buckner, "Either you can pull your pants and underwear

down and get those two 8-balls from under your nuts, or I am going to do it

and you are not going to like it."

20. Buckner's aunt, who witnessed the entire threat from Officer Whitley,

objected strenuously to Whitley's tactics.

21. Officer Whitley ordered Buckner's aunt to go inside her home and "look to

see if she could find" any illegal drugs.

22. Buckner's aunt informed Officer Whitley that there were no illegal drugs in

her home and she refused Whitley's demand to go inside, fearing leaving Mr.

Buckner on her property with Officer Whitley without her oversight of the

unfolding events.

23. Mr. Buckner vehemently expressed to Officer Whitley that he did not have any illegal drugs on his person and, numerous times, told Whitley that he did not want to pull his pants and underwear down, exposing his genitalia because, "I don't have any drugs on me and there are several neighbors standing outside watching" as Whitley made his demands.

24. Again, Whitley said to Buckner, "Either you do it (take his pants down and expose his genitalia for a search) or I will do it." Buckner feared Whitley would use physical force and was extremely afraid. Buckner believed he had no choice but to comply with Whitley's orders. Thus, while in handcuffs, he followed Officer's Whitley's orders and attempted to take down his pants.

25. Defendant Whitley placed plastic gloves on his hands prior to Mr. Buckner's attempt to partially disrobe.

26. With physical assistance from Officer Whitley, Buckner was able to get his pants and underwear down while in handcuffs and, Whitley proceeded to shake Buckner's underwear and search around Buckner's penis and testicles with his gloved hands.

27. Officer Whitley ordered Buckner to bend over and spread his buttocks as Whitley shined a flashlight onto Buckner's anal area. Fearing physical force, Buckner attempted to comply with Whitley's orders.

28. Officer Whitley used one gloved hand to spread the buttocks of Mr. Buckner while he shined his flashlight between his buttocks. During this physical strip-search of Mr. Buckner, Officer Whitley stated, "This is disgusting."

29. Officer Whitley's strip-search of Mr. Buckner occurred in front of at least fifteen (15) people in the community. Buckner heard many of these people laughing at him, while others yelled in anger, protest and frustration that Whitley required Buckner to expose his genitals, buttocks and anus during the body search.

30. Mr. Buckner was humiliated, ashamed and embarrassed when Officer Whitley ordered him to expose his genitalia and to bend over and expose his anus in front of community members. The emotional distress suffered by Mr. Buckner because of the strip-search was severe.

31. Ultimately, Officer Whitley found no illegal drugs on the person of Mr. Buckner at any time on August 14, 2017.

32. After the strip-search, Defendant Whitley ordered Mr. Buckner to pull his pants and underwear back up. Mr. Buckner stated to Whitley, "I can't pull my clothes back up because I am handcuffed!"

33. Defendant Whitley assisted Mr. Buckner in pulling his underwear and pants up, re-covering his exposed genitalia and buttocks.

34. After failing to find any illegal drugs on Mr. Buckner's person pursuant to multiple searches including the strip search, Officer Whitley stated to Mr. Buckner, "I apologize for doing what I just did. If you will just let this go, I will never bother you again. You don't ever have to worry about me stopping you ever again. Whenever I see you, I will just waive and keep going."

35. Mr. Buckner estimates that the third stop and strip-search conducted by Defendant Whitley lasted approximately 15-20 minutes. Mr. Buckner avers that, because of the humiliating search during the third stop, it felt like he was being searched for hours.

36. Mr. Buckner contends that not only was he assaulted by Defendant Whitley during the third detainment at his aunt's home, but due to the graphic exposure of his genitalia and buttocks and, the offensive touching of his buttocks, he was sexually assaulted or, at minimum, sexually harassed by Defendant Whitley.

37. The emotional distress Mr. Buckner suffered on August 14, 2017 is ongoing and traumatic. Since August 14, 2017, Mr. Buckner has limited his travel about his community to that only which is necessary.

38. The natural and probable result of Defendant Whitley's August 14, 2017 acts inflicted upon Mr. Buckner is, Mr. Buckner feels terror upon thoughts of

8

interaction with the police, Defendant Whitley and the prospect of being strip-searched upon any future encounters with law enforcement.

39. On or about August 16, 2017, Mr. Buckner filed a formal complaint with ACPD, describing Officer Whitley's actions which occurred on August 14, 2017. To date, Mr. Buckner has received no formal response from ACPD.

40. On or about August 17, 2017, counsel for Mr. Buckner notified ACPD Chief of Police, Jay Turner, the City of Alexander City, Alabama Mayor, James Nabors and the Alexander City Attorney, Larkin Radney about the August 14, 2017 Whitley/Buckner incidents. Counsel informed these parties of imminent litigation absent remedy through administrative means. To date, Mr. Buckner nor counsel for Mr. Buckner have received responses from the notified parties.

## COUNT I
## Violation of Mr. Buckner's Fourth Amendment Rights (42 U.S.C. § 1983) (Against Defendant Whitley in his Official and Individual Capacity)

41. The plaintiff re-alleges the allegations contained in paragraphs numbered 1 through 40 and incorporates the same herein by reference, and further alleges as follows:

42. A "seizure that is lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably infringes interests protected by the Constitution." *Illinois v. Caballes*, 543 U.S. 405, 407, 125 S. Ct. 834, 837 (2005); *see also United States v. Place*, 462 U.S. 696, 707–08, 103 S. Ct.

2637, 2645 (1983) ("[T]he manner in which the seizure was conducted is, of course, as vital a part of the inquiry as whether it was warranted at all." (quotation omitted and alterations adopted)).

43. The Fourth Amendment of the United States Constitution protects Mr. Buckner against unreasonable searches of his person and unlawful seizures of his person which infringe upon his bodily integrity. U.S. Const. Amend. IV. The Fourth Amendment is applicable to Alabama via the Fourteenth Amendment. U.S. Const. Amend XIV.

44. The second and third searches of Mr. Buckner by Officer Whitley on August 14, 2017 were in violation of the Fourth and Fourteenth Amendments of the Constitution.

45. Officer Whitley, during the second search of Mr. Buckner violated his Fourth Amendment right to be free from illegal searches, as Whitley has no cause, probable or other, to conduct a second traffic stop and detain Mr. Buckner on August 14, 2017.

46. Officer Whitley, during the third detention and strip search of Mr. Buckner violated Buckner's Fourth Amendment rights to be free from unwarranted detention and infringement of Mr. Buckner's bodily integrity.

47. "[O]fficers violate the Fourth Amendment when they force an arrestee to expose herself "longer than necessary to protect their safety" or effectuate

10

some other legitimate purpose." *Los Angeles Cty. v. Rettele*, 550 U.S. 609, 615 (2007) (*per curiam*).

48. Defendant Whitley had no legitimate purpose for detaining Mr. Buckner on the second and third time he seized Buckner. Defendant Whitley had no cause, whatsoever for strip-searching, assaulting and battering Mr. Buckner.

49. Defendant Whitley was never in fear of his safety while in the presence of Mr. Buckner at any time on August 14, 2017.

50. Assuming arguendo that on August 14, 2017, Defendant Whitley had probable cause to suspect Mr. Buckner had illegal drugs in his possession, he could and should have arrested and transported Buckner to law enforcement facilities where a proper, humane and legal search attendant to the probable cause could have been conducted in private.

51. Officer Whitley violated clearly established law by detaining, strip-searching, and battering Mr. Buckner on August 14, 2017.

52. *Rettele* gave Whitley fair warning that he could not force Mr. Buckner to expose his intimate body parts "longer than necessary to protect [his] safety." 550 U.S. at 615, 127 S. Ct. at 1993. This is exactly what Whitley did to Mr. Buckner. In light of *Rettele's* statement that involuntary exposure becomes unreasonable "once the police [are] satisfied that no immediate threat [is] presented," *id.*, a reasonable officer in the Whitley's position would have

known that forcing Mr. Buckner to expose his penis, testicles, buttocks and anus in the open public while assaulting and battering Buckner about the buttocks, when it was entirely unnecessary to protect the Whitley's safety, violated the Fourth Amendment.

**Count II**
**Assault and Battery (42 U.S.C. § 1983)**
**State Law Claim (Against Defendant Whitley, Individually)**

53. The plaintiff re-alleges the allegations contained in paragraphs numbered 1 through 52 and incorporates the same herein by reference, and further alleges as follows:

54. The intentional torts of assault and battery are well settled in Alabama jurisprudence. "Assault" has been defined as "an intentional, unlawful, offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well-founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented." *Western Union Tel. Co. v. Hill*, 25 Ala.App. 540, 542, 150 So. 709, 710 (1933) (emphasis added). *See also Wright v. Wright*, 654 So. 2d 542, 544 (Ala.1995).

55. Defendant Whitley's strip-search and physical manipulation of Mr. Buckner's buttocks clearly constitute assault.

56. Defendant Whitley touched Mr. Buckner; Defendant Whitley intended to touch Mr. Buckner; and, Defendant Whitley conducted his touching in a harmful and offensive manner.

57. The Alabama Supreme Court has explained that "[a] battery consists in an injury actually done to the person of another in an angry or revengeful or rude or insolent manner ... or in any way touching him in anger, or violently jostling him out of the way, or in doing any intentional violence to the person of another." *Surrency v. Harbison*, 489 So. 2d 1097, 1104 (Ala.1986) (quoting *Singer Mach. Co. v. Methvin*, 184 Ala. 554, 561, 63 So. 997, 1000 (1913) (emphasis added)).

58. In a civil case, the elements of battery are: (1) that the defendant touched the plaintiff; (2) that the defendant intended to touch the plaintiff; and (3) that the touching was conducted in a harmful or offensive manner. *Ex parte Atmore Cmty. Hosp.*, 719 So. 2d 1190 (Ala. 1998) (emphasis added).

59. Defendant Whitley's strip-search and manipulation of Mr. Buckner's buttocks during the search was, at minimum, rude and insolent. Mr. Buckner avers that Defendant Whitley was angry and threatening just before he conducted the humiliating strip-search.

**Count III**
**Outrage (42 U.S.C. § 1983)**
**State Law Claim (Against Defendant Whitley, Individually)**

13

60. The plaintiff re-alleges the allegations contained in paragraphs numbered 1 through 59 and incorporates the same herein by reference, and further alleges as follows:

61. The acts of Officer Whitley inflicted upon Mr. Buckner, detailed *supra*, were "(1) intentional or reckless; (2) extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *S.B. v. Saint James School*, 959 So.2d 72, 93 (Ala. 2006) (citations omitted); *see also Little v. Robinson*, 72 So.3d 1168, 1172 (Ala. 2011) (same).

62. Defendant Whitley's strip-search, along with the exposure of and assault and battery upon Mr. Buckner's most private body parts were intentional acts.

63. Defendant Whitley's multiple references to Mr. Buckner's genitalia and the placement of gloves on his hands prior to the strip-search, coupled with the warning to Mr. Buckner that, "he would not like" the strip search after Buckner exposed his genitalia demonstrates Whitley's conscious intent to sexually assault Mr. Buckner by way of exposing and offensively touching Buckner's private body parts.

64. Defendant Whitley's tactics during the strip-search of Mr. Buckner were wholly unnecessary, as Whitley was not in fear of his safety thus, Whitley's actions were clearly extreme.  Because there were alternatives to the strip-search of Mr. Buckner (*e.g.* arresting and transporting Buckner to jail and

conducting a private search upon probable cause), Whitley's actions in ordering Buckner to expose himself and physically assaulting and battering Buckner in public view were outrageous.

65. No reasonable persons in Alabama or the United States of America, while posing no threat to officer safety, could be expected to endure a strip-search, assault and battery in the open public.

66. Officer Whitley's August 14, 2017 "conduct [was] so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, [w]as atrocious and utterly intolerable in a civilized society." *S.B.*, 959 So.2d at 93 (citations omitted). And the Eleventh Circuit has made clear, "In a civilized society, one's anatomy is draped with constitutional protections." *United States v. Afanador*, 567 F.2d 1325, 1331 (5th Cir. 1978).[1]

67. Mr. Buckner has experienced and continues to experience ongoing emotional distress due to the outrageous actions of Officer Whitley including, but not limited to, the strip-search, assault and battery of Mr. Buckner's person.

**Lack of Legal Remedy**

68. Plaintiffs reallege the facts set forth in paragraphs 1-67 above.

69. Plaintiff has suffered and suffers ongoing harm, which cannot be

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. *Id.* at 1209.

alleviated except by relief from this Court.

70. The harm suffered by Plaintiff included Defendant Whitley's multiple unlawful traffic stops and detainment of Mr. Buckner, along with the attendant humiliating and physical strip-search, public exposure of Buckner's naked body and battery and assault of his body.

71. The ongoing harm suffered by Plaintiffs includes humiliation, shame, and embarrassment when facing members of his community and the immense fear of being stopped and strip-searched by law enforcement when venturing out in public.

72. Findings of constitutional and Alabama common law violations, coupled with compensatory and punitive damages awarded by this court or a jury are the only means to remedy the violations complained of herein.

73. No other relief is available at law.

**WHEREFORE**, Plaintiffs request that this Court:

   a. Issue a judgment pursuant to 42 U.S.C. § 1983 in favor of the Plaintiff, finding that Defendant Whitley, in his official and individual capacities, violated the Fourth and Fourteenth Amendment rights of the Plaintiff.

   b. Issue a judgment 28 U.S.C. § 1367 in favor of the Plaintiff, finding that Defendant Whitley, in his individual capacity, committed the Alabama common law torts of outrage, assault and battery upon the Plaintiff.

   c. Set a bench or jury trial for the determination of factual matters as the Court deems appropriate.

d.  Award the Plaintiff compensatory damages in the amount of $500,000.00 for Defendant Whitley's violation of Plaintiff's Fourth Amendment rights.

e.  Set a jury trial for a determination of the award of damages attendant to Plaintiff's outrage, assault and battery claims.

f.  Order any further relief for the Plaintiff and against the Defendant as the Court deems appropriate.

Respectfully submitted this 27th day of June, 2018.

Joseph Mitchell McGuire
Bar No. ASB-8317-S69M
McGuire & Associates, LLC
31 Clayton Street
Montgomery, Alabama 36104
(334) 507-1000 phone
(334) 517-1327 fax
jmcguire@mandabusinesslaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

On June 27, 2018, I filed the Complaint in the above styled cause over the counter with the Clerk of the Court and delivered the same to the following party at his place of employment:

Officer Benjamin Whitley
Alexander City Police Department
One Court Square
Alexander City, Alabama 35010

*Joseph Mitchell McGuire*

## VERIFICATION

Before me, the undersigned notary, on this day personally appeared Aldric Buckner, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is Aldric Buckner. I have read the Complaint. The facts stated in it with regard to the content therein are within my personal knowledge and are true and correct."

Aldric Buckner

SWORN TO and SUBSCRIBED before me by Aldric Buckner on June 26, 2018.

Notary Public in and for
the State of Alabama

exp. 6/24/2019