# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| ALDRIC L. BUCKNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:18-CV-610-WKW |
| | ) (WO) |
| BENJAMIN WHITLEY, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This is a civil rights case involving alleged police misconduct under 42 U.S.C. § 1983. Plaintiff Aldric L. Buckner, an individual, claims that Alexander City police officer Benjamin Whitley violated his Fourth Amendment rights when he performed an unjustified strip search on him. In addition to this Fourth Amendment claim, Buckner asserts state-law causes of action for the torts of assault, battery, and outrage.

Before the court is Defendant Benjamin Whitley's motion to dismiss. (Doc. # 6.) Defendant seeks dismissal on two alternative grounds: (1) that Plaintiff's complaint constitutes an impermissible shotgun pleading; and (2) that Plaintiff has not stated an official-capacity claim against Defendant under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has not alleged any policy, custom, or practice

that would give rise to such a claim.  For the reasons that follow, Defendant's motion to dismiss is due to be granted in part and denied in part.

## I. DISCUSSION

### A. <u>Plaintiff's complaint is an impermissible shotgun pleading and must be repleaded.</u>

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The complaint must also "state [the plaintiff's] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Twombly*, 550 U.S. at 555 (holding that the purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." (citation, quotation marks, and ellipsis omitted)).

Plaintiff's complaint is a shotgun complaint. Each of the three counts adopts and re-alleges every preceding allegation, filling each count with allegations that are not relevant to that particular count. This court has warned against such a practice:

> Rote and repeated incorporations by reference fill each count "with factual allegations that could not possibly be material to that specific count," flouting the Rule 10(b) requirement to plead separate claims in separate counts. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). It is not enough to "clearly incorporate[ ] all 'facts' ple[aded] in the amended complaint]" . . . as Plaintiff has done; rather the supporting facts must be pleaded in the count asserting the cause of action. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006).

*McCall v. Bank of America, N.A.*, No. 2:16-CV-184-WKW, 2016 WL 5402748, at *2 (M.D. Ala. Sep. 26, 2016). The legal elements of each claim are re-alleged in successive, unrelated counts. For example, in paragraph 58 of the complaint, Plaintiff recites the elements of battery, only to re-allege those elements in paragraph 60 under the separate count of outrage. Plaintiff argues that this fact does not render the complaint defective because the claims "build upon one another." (Doc. # 9). But the effect of re-alleging each element of the previous claim in successive counts is that the final count — outrage — incorporates the elements of both unlawful search and seizure and battery.

The incorporation by reference also creates incurable confusion as to whether Plaintiff is suing Defendant in his individual or official capacity, or both, in Counts II and III. The headings of Counts II and III indicate that Plaintiff is

suing Defendant in his individual capacity only, but the incorporation-by-reference paragraphs (¶¶ 53 and 60) drag in allegations of both individual- and official-capacity claims. Plaintiff must replead his complaint, clearly stating which allegations support which claims.

Plaintiff attempts to save his shotgun complaint by arguing that since it gives enough notice for Defendant to be able to answer, Plaintiff should be able to proceed on the complaint as it stands. But it does not provide notice when Defendant has no way of knowing if he is defending claims in his official or individual capacity. In any event, notice to the Defendant is not the only concern raised by shotgun pleadings. "Shotgun pleadings impede the administration of the district courts' civil dockets in countless ways." *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 806 (11th Cir. 2010). "Experience teaches that, unless cases are [pleaded] clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).

"When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir.

2018). "In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." *Id.* Therefore, the complaint will be dismissed without prejudice to give Plaintiff an opportunity to refile according to the instructions in this Order.

**B. Because Plaintiff's complaint is due to be dismissed on shotgun pleading grounds, Defendant's alternative ground for dismissal is moot at this time.**

Defendant alternatively moves to dismiss Plaintiff's official-capacity claim because no policy, practice, or custom is alleged.

### 1. *Standard of Review*

When evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

5

### 2. *Application*

A § 1983 suit against a public official in his or her official capacity is a suit against the local governmental entity that employs the official. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). A § 1983 official-capacity claim cannot stand merely on allegations that an individual defendant, acting under color of state law, deprived the plaintiff of a federal constitutional right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The plaintiff must demonstrate that the local governmental entity had a custom or policy that caused the deprivation of a federal right. *See id.*

Plaintiff has alleged no facts that would give rise to a § 1983 claim that a custom or policy of the Alexander City police department resulted in the purported violation of Plaintiff's Fourth Amendment rights. Therefore, Plaintiff fails to state a claim under Rule 12(b)(6) against the officer in his official capacity. However, since the court will dismiss Plaintiff's complaint on shotgun pleading grounds, Plaintiff will have opportunity to amend the complaint to plead a factual basis, if he can, for official-capacity liability under § 1983.

## II. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be granted in part and denied in part. Plaintiff must replead his claims in compliance with the Federal Rules of Civil Procedure and the requirements of this Order.

Accordingly, it is ORDERED:

1. Defendant's motion to dismiss is GRANTED to the extent that Plaintiff must replead his claims and otherwise DENIED without prejudice to reassert any arguments that may be relevant to the amended complaint.

2. Plaintiff's claims are DISMISSED without prejudice.

3. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff is given leave to file an amended complaint **on or before April 15, 2019**, that complies with the Federal Rules of Civil Procedure and the following requirements of this Order:

    a. The amended complaint must set forth, with clarity, short and plain statements showing Plaintiff is entitled to relief. To the extent that Plaintiff's contentions are relevant and material, they should be included in the appropriate section of the complaint (*e.g.*, jurisdictional statement, statement of facts, or claim for relief).

    b. Plaintiff may not simply incorporate all factual allegations by reference into every count; rather, Plaintiff must indicate with clarity which specific factual allegations are material to each specific count, and which actors are responsible for each specific act that is material to Plaintiff's claims.

Plaintiff is ADVISED that claims and demands for relief that fail to comply with the Federal Rules of Civil Procedure and the requirements of this Order may be subject to dismissal without further opportunities for amendment.

DONE this 11th day of March, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE